1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WRIGHT, | Case No. 1:20-cv-01099-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. GASTELLO, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 1996 Fresno County Superior Court conviction and sentence for attempted murder. As Petitioner previously sought federal habeas corpus relief with respect to the challenged conviction, the undersigned recommends that the petition be dismissed. To the extent that the petition challenges a separate judgment denying relief pursuant to Senate Bill 260 and 261, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A.  Second or Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Petitioner appears to assert in Ground One that he is entitled to some relief pursuant to Senate Bill ("SB") 260 and 261, which were passed after Petitioner's conviction and would "open the door to revealing new circumstances which could benefit the petitioner in receiving due process of law." (ECF No. 1 at 9).[1] In Ground Two, Petitioner asserts that he neither received notice of nor had the opportunity to defend against the "new charge" of premeditation. (Id.).

Here, Petitioner challenges his 1996 Fresno County Superior Court conviction and sentence for attempted murder. Petitioner previously sought federal habeas relief in this Court with respect to the same conviction. See Wright v. Kirkland, No. 1:06-cv-01498-AWI-SMS (dismissed as untimely); Wright v. Ascuncion, No. 1:16-cv-01086-AWI-MJS (dismissed as

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1    successful).[2] Accordingly, the Court finds that the instant petition is "second or successive"

2    under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding

3    "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to

4    federal review of the underlying claims," and thus renders subsequent petitions "second or

5    successive").

6         As Petitioner has already filed federal petitions for writ of habeas corpus regarding his

7    1996 Fresno County Superior Court conviction and sentence for attempted murder, Petitioner

8    cannot file another petition in this Court regarding the same conviction and sentence without first

9    obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here,

10   Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his

11   successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed

12   application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S.

13   at 157.

14   **B. Exhaustion**

15        A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

16   must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

17   on comity to the state court and gives the state court the initial opportunity to correct the state's

18   alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

19   Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

20   providing the highest state court with a full and fair opportunity to consider each claim before

21   presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

22   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

23        To the extent that Ground One of the petition can be construed as a challenge to a

24   separate judgment or order denying relief under SB 260 and 261,[3] the Court finds the claim is

25   unexhausted. The petition states that Ground One was presented to the Fresno County Superior

26

27   [2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28   [3] "Habeas petitions that are filed second-in-time are not necessarily second or successive," if, for example, the petition "challenges a new or intervening judgment." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017).

Court and was not raised in a petition to the California Supreme Court. (ECF No. 1 at 3–5). If Petitioner has not sought relief in the California Supreme Court for the claim that he raises in Ground One, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1).

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition and without prejudice to refiling Petitioner's SB 260 and 261 claims after exhausting state court remedies.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 31, 2020**                      /s/ _Erica P. Grosjean_
                                                   UNITED STATES MAGISTRATE JUDGE