UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL WRIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELLO,<br><br>    Respondent. | No. 1:20-cv-01099-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 10) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1996 conviction and sentence in state court for attempted murder, arguing that a change in law entitled him to additional due process in state court and that his arraignment was deficient.  (Doc. No. 1 at 5–6, 9–10.)  On August 31, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be ed dismissed as an unauthorized second or successive petition.  (Doc. No. 10.)  In this regard, petitioner previously requested federal habeas relief related to the same underlying state court conviction in *Wright v. Kirkland*, No. 1:06-cv-01498-AWI-SMS (dismissed as untimely) and *Wright v. Ascuncion*, No. 1:16-cv-01086-AWI-MJS (dismissed as successive).

In addition, the magistrate judge found that to the extent the pending petition's first claim for relief seeks to challenges a Fresno County Superior Court decision of March 16, 2020,

1

denying petitioner relief under California law related to youthful offender parole hearings, the claim has not been properly exhausted in state court.  (Doc. No. 10 at 3–4.)  To satisfy the exhaustion requirement, petitioner must either present his claim to the highest state court with jurisdiction to consider it or show that no state remedy is available to him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  The court notes that in denying state habeas relief as to this claim, the Fresno County Superior Court stated:

> The present [habeas corpus] petition is not the correct remedy for Petitioner to seek a youthful offender hearing under [*People v. Franklin*, 63 Cal. 4th 261 (2016)] and Penal Code section 3051.  Instead, Petitioner must bring his request in the underlying superior court case as a motion under Penal Code section 1203.01.

Here, petitioner does not address whether he filed such motion, and if not, why it is not necessary for purposes of exhausting such a claim.

The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendation.  To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on August 31, 2020 (Doc. No. 10) are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **October 20, 2020**              *Dale A. Drozd*
                                          UNITED STATES DISTRICT JUDGE

3